UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL ROGERS,

                    Petitioner,

        v.

JACK WARNER,

                    Respondent.

CASE NO. 3:26-cv-05148-TMC-GJL

REPORT AND RECOMMENDATION

Noting Date: March 24, 2026

The District Court has referred this 28 U.S.C § 2254 habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Daryl Rogers, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a federal habeas Petition. Dkts. 5, 6. Upon review, the undersigned determines the Petition is an unauthorized successive petition for which this Court lacks jurisdiction. Accordingly, the undersigned **DECLINES** to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules") and, instead, recommends the Petition (Dkt. 6) be **DENIED** and this action be **DISMISSED without prejudice**.

//

REPORT AND RECOMMENDATION - 1

## I.      BACKGROUND

Petitioner, who is currently in custody at Monroe Correctional Complex, challenges his state court conviction for three counts of rape of a child in the first degree and one count of child molestation in the first degree entered in *State of Washington v. Daryl Rogers,* Superior Court of Washington for Clark County Case No. 17-1-00097-3. Dkt. 6 at 1.

As his sole ground for relief, Petitioner alleges a violation of his due process rights set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 6. In particular, Petitioner alleges that, at trial, prosecutors wrongfully withheld material evidence until after the close of evidence on October 31, 2018. *Id.* at 2. Petitioner alleges that, prior to filing the instant Petition, he sought relief from his conviction and sentence by presenting his *Brady* claim in Washington state courts in June 2022 and again in 2025. *Id.* at 3–4.

Petitioner also filed a federal habeas petition challenging the same underlying state court conviction and sentence in May 2022. *See Rogers v. Haynes*, 3:22-cv-05367-LK (W.D. Wash. filed May 20, 2022) (hereinafter "Previous Petition"). Petitioner raised two grounds for relief in his previous Petition, both grounds were addressed and denied on the merits, and the Previous Petition was dismissed with prejudice on September 27, 2023. *Rogers*, 3:22-cv-05367-LK, at Dkts. 24, 25.

More than two years later, Petitioner filed the instant Petition. Dkt. 6. The Court now screens the Petition to determine whether ordering service upon Respondent is appropriate.

## II.      LEGAL STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4

REPORT AND RECOMMENDATION - 2

"is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. *Race v. Salmonsen,* 131 F.4th 792, 794 (9th Cir. 2025) (reversing *sua sponte* dismissal under Rule 4 where petitioner was first notified of reasons for dismissal in final order of dismissal).

A petition must also comply with the other Habeas Rules. Rule 9 of the Habeas Rules request that "[b]efore presenting a second or successive petition," a petitioner "must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition." *Id.* (citing 28 U.S.C. § 2244(b)(3) and (4)). Failure to do so deprives the district court of jurisdiction over a successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

### III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function that requires successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)).

Even where a prior disposition on the merits occurred, "[a new] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in

REPORT AND RECOMMENDATION - 3

the prior petition. *Id.* at 1029. Conversely, a new petition is successive and barred unless the petitioner shows that each claim raised "relies on a new rule of constitutional law" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244.

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Without an order authorizing review, a district court lacks jurisdiction to consider a successive petition. *See Magwood*, 561 U.S. at 331; *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Accordingly, to determine whether it has jurisdiction over a potentially successive petition, the Court must assess: (1) whether the prior petition was adjudicated on the merits, (2) whether the habeas claims raised in the new petition were or could have been raised in the prior petition and (3) whether the petitioner obtained permission to file the new petition. *Id.* If the first and second questions are answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes"—Petitioner's Previous Petition was dismissed with prejudice after addressing and denying both grounds for habeas relief on the merits.

So, the Court proceeds to the second question: could Petitioner have raised the habeas claims brought in the instant Petition in his First Petition? The answer to that question is also "yes"—Petitioner was aware of the factual premise of his *Brady* claim as early as October 31, 2018, and, as such, that claim could have been raised in the Previous Petition filed in May 2022. In addition, Petitioner's claim—which invokes the well-established principles of constitutional

REPORT AND RECOMMENDATION - 4

law set forth in *Brady v. Maryland*—is not based on a new rule of constitutional law. Because the sole ground for relief raised here could have been raised when Petitioner filed his First Petition, the instant Petition is successive.

Turning to the final question: did Petitioner obtain permission before filing his successive Petition? The answer is "no." There is no allegation or evidence Petitioner obtained permission from the Ninth Circuit Court of Appeals before filing the instant Petition. Because Petitioner did not obtain leave before filing his successive Petition, this action must be dismissed for lack of jurisdiction.

## IV.    CERTIFICATE OF APPEALABILITY

A petitioner may only appeal the dismissal of their § 2254 petition after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § (c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, reasonable jurists would not debate that the Petition is successive or that it should be dismissed for lack of jurisdiction. As a result, Petitioner is not entitled to a certificate of appealability from the District Judge.

## V.    CONCLUSION

For the reasons outlined above, the Court lacks jurisdiction over Petitioner's successive Petition. Thus, in accordance with Rule 4 of the Habeas Rules, the undersigned declines to serve the Petition and, instead, recommends the Petition be **DENIED** and this action be **DISMISSED**

**without prejudice**. It is further recommended that a certificate of appealability be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 24, 2026**, as noted in the caption.

Dated this 9th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6